'The opinion of the court was delivered by
Spencer, J.
The present relator brought suit in the Sixth District *1027 Court praying an injunction against Y. J. Dupuy et al., causing curators cicl hoc to be appointed for several of the defendants therein.
There was final judgment dismissing plaintiff’s demand and refusing the injunction. Plaintiff took a suspensive appeal to this court.
After the appeal had been so taken and perfected, the court a qua on motion, ex-parte and without notice to plaintiff, rendered an order taxing or decreeing the payment of fees to said curators, as follows: To Richardson & Magruder §250; to E. E. Mo'ise §150, and A. L. Tucker §100. Relator, alleging that said court has no jurisdiction or power to render said ex-parte decrees, after appeal, and averring that said decrees will be executed, prays for a prohibition.
The judge a quo, in answer to the writ, admits the facts, but denies that he has exceeded his jurisdiction. He contends that relator as plaintiff is primarily liable for all legal costs, and that the appeal does not suspend the right of the officers of court to enforce them. That the allowances to the curators were part of the taxed costs accrued before relator’s appeal, and the amount thereof peculiarly within his discretion. That if aggrieved, relator should have moved to rescind or made opposition.
The questions for us to decide are—
First — Whether in suits other than by attachment (when the law fixes a fee of §10 for the curator without proof) the allowances of fees or compensation to curators ad hoc can be properly classed as costs that may be taxed ex-parte and on motion without notice. It is, we think, clear that the payment of such costs as may be so taxed is not suspended by plaintiff’s appeal. He is bound to pay them whenever due, and their payment may be enforced notwithstanding his appeal from the judgment in the cause. The taxing of these costs is a mere matter of calculation, and is not in fact a “ further proceeding” in the cause, within the meaning and intendment of article 575 C. P.; 10 R. 150. But we think that outside of the case of attachment, where the law fixes or taxes a fee of ten dollars without proof, the court can not, by ex-parte order and without notice, order the payment of specific sums to curators ad hoc as fees or compensation.
Unless the law itself fixes the amount of a fee, it can only be fixed contradictorily with the parties in interest. Any other rule would be intolerable, and .violative of elementary principles. 13 An. 150.
Second — Holding, therefore, that the fees of curators in cases like the present must be adjudicated and fixed in a proceeding contradictorily taken, the next question is, does the appeal prevent such proceeding being had after it is taken ?
We think the answer to this question is found in article 575 of the Code of Practice, which declares that the suspensive appeal “ shall stay *1028 execution and all further proceedings until a definitive judgment be rendered on the appeal.”
“ As soon as the appeal is perfected the court of the first instance can take no farther steps in the case, except such as may be necessary to transmit the record to the Supreme Court.” 10 R. 419.
It is therefore ordered that the writ of prohibition heretofore issued be npde peremptory at the costs of respondent.